Thomas R. Powell Bond Counsel for Sedgwick County 2000 Epic Center 301 North Main Street Wichita, Kansas 67202-4820
Dear Mr. Powell
I have received your letter of March 1, 1994 in which you seek our opinion concerning county home rule powers and the public building commission act, K.S.A. 12-1747 et seq.
You inform us as counsel to Sedgwick county, Kansas (county), in this matter that the county would like to create a public building commission (PBC), and to thereafter issue bonds to finance a specific project the county contemplates. The project would involve issuing bonds to finance a science center museum that would be leased by the county and in turn subleased to a 501(c)(3) corporation that would operate the science center museum.
You note that the PBC's ability to issue bonds is limited to certain purposes as set forth in K.S.A. 12-1758. You further note that the improvements listed at K.S.A. 12-1758 do not contemplate the issuance of PBC bonds to construct a facility such as the proposed science center museum.
The issue therefore centers on whether the county may charter out from underneath the provisions of K.S.A. 12-1758 thereby providing through its county home rule powers appropriate legislative authority to proceed with this project. Home rule authority is available to municipalities when a statute which applies to a city or county is nonuniformly applicable to all cities or counties or to specific cities or counties. Where a statute is found nonuniformly applicable a municipality may opt out of such a statute by charter ordinance or charter resolution. Blevins v.Hiebert, 247 Kan. 1, 5 (1990).
The issue of when an act is uniform or non-uniform was addressed by the Kansas Supreme Court in Claflin v. Board of Commissioners of KansasCity, Kansas, 202 Kan. 1, (1973). The court states at syl. para. 6 that "in order to ascertain the legislative intent, courts are not permitted to consider only a certain isolated part or parts of an act, but are required to consider and construe together all parts thereof in parimateria. Statutes relating to the same subject, although enacted at different times, are in pari materia and should be construed together."
Kansas courts have more recently invoked the principle of in parimateria stated in Claflin holding for example in Western Kansas Exp.,Inc. v. Dugan Truck Line, Inc., 11 Kan. App. 2d 336 (1986), that courts are required to consider and construe all parts of an act in parimateria to ascertain legislative intent; to be in pari materia, statutes need not have been enacted at the same time; statutes relating to the same subject, although enacted at different times, are in pari materia
and should be construed together. Western Kansas,11 Kan. App. 2d at 340.
It is therefore necessary to apply the doctrine of in pari materia
to determine whether the PBC act is non-uniform in its application to counties. The PBC act provides in relevant parts that:
 "A public building commission created by a city or county may acquire land and facilities adjacent to or near any educational institution under the supervision and control or the state board of regents or may acquire by lease, land and facilities constituting a part of the campus of any such institution. Any public building commission may construct . . . and furnish such facilities . . . lease such land and facilities to the official governing body of such institution. . . . Any city also may pledge such funds as may be necessary from those which are provided to be paid over to the board of trustees from the annual tax levy as provided by K.S.A. 76-3a07, and amendments thereto. (Emphasis added). K.S.A. 12-1758(b).
K.S.A. 12-1758(b) is non-uniform because it contains language that applies only to counties that have educational facilities supervised by the board of regents located within the county boundaries. K.S.A.12-1758(b) also contains language applicable only to Sedgwick county. This language authorizes a city to pledge funds to be paid over to the board of trustees from the accrued tax levy provided for by K.S.A. 76-3a07. K.S.A. 76-3a07 allows the city of Wichita to levy a tax within the city for purposes of paying principle and interest on debt that existed at the time Wichita state university (WSU) became a state institution. Funds not needed for such debt can be paid over to the board of trustees of WSU to be used as designated by the governing body of the city of Wichita within the scope of K.S.A. 76-3a16. K.S.A. 12-1758(b) goes on to provide that "any county may also pledge such funds as may be necessary from these which are provided to be paid over to such institution from a special levy authorized for such purpose under K.S.A. 19-117 and amendments thereto." Again, the authority to pledge funds to such institution applies only to Sedgwick county because the institution referred to is WSU.
The PBC act is also non-uniform under K.S.A. 12-1764a. This statute, while enacted in 1964 as a separate act, nevertheless deals with the same subject, and provides in part that "within 10 days after the effective date of this act, the Topeka public building commission shall initiate action to transfer and within 60 days shall transfer to the board of county commission of Shawnee county the title and all interest in property acquired . . . for the purpose of constructing the Shawnee county adult detention facility."
It is the opinion of this office that K.S.A. 12-1758 is non-uniform in its application to counties. Sedgwick county may, therefore, pursuant to their statutory home rule authority, K.S.A. 19-101 et seq., charter out from beneath the provisions of K.S.A. 12-1758 and draft home rule legislation that would authorize the finance and administration scheme devised to operate a science center museum.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Rebecca E. Floyd Assistant Attorney General
RTS:JLM:REF:jm